IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE JONES, | No. 2:23-CV-1808-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| J. LYNCH, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1. Also before the Court is Plaintiff's motion, ECF No. 10, for an order directing service of process.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1  entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,
2  concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to
3  Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice
4  of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121,
5  1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity
6  overt acts by specific defendants which support the claims, vague and conclusory allegations fail
7  to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening
8  required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff Jermaine Jones ("Plaintiff") is a fifty-year-old male and an inmate at the California State Prison – Sacramento ("CSP-Sac."). See ECF No. 1, pg. 1. The incident at issue occurred on July 21, 2022, at CSP-Sac. See id. at 1. Plaintiff has named the following five parties as Defendants: (1) Warden J. Lynch ("Defendant Lynch"), (2) Correctional Officer Sergeant D. Gonzales ("Defendant Gonzales"), (3) Correctional Officer A. Reilly ("Defendant Reilly"), (4) Correctional Officer D. Condon ("Defendant Condon"), and (5) Correctional Officer J. Lindquist ("Defendant Lindquist"). See id. at 1-3. Each Defendant was an employee of CSP-Sac. at the time of the incident. See id. at 3.

On July 21, 2022, Plaintiff remained inside his personal cell at CSP-Sac. See id. at 3. According to Plaintiff, Defendant Gonzales opened Plaintiff's cell door to notify Plaintiff he was needed in the outside rotunda area. See id. at 3-4. Plaintiff then exited his cell and began moving towards the rotunda area. See id. Immediately, Plaintiff was approached and surrounded by Defendant Gonzales, Defendant Reilly, Defendant Condon, and Defendant Lindquist. See id. at 4. Defendant Gonzales then stated, "Rather if [you] like it or not, [we are] going to put a black unknown inmate Braggs and all of his property into [your] cell #102." See id. Plaintiff responded, expressing he did not want to and did not feel comfortable being forced to share a cell with another inmate. See id. Plaintiff also expressed his tendency to have suicidal ideations and requested to speak with mental health staff because he felt unsafe around himself and others. See

id.

Defendant Gonzales proceeded to secure Plaintiff in handcuffs behind his back. See id. Once secured in Defendants' custody, Plaintiff was punched, kicked, and kneed. See id. Plaintiff was also forced to the ground by the surrounding Defendants. See id. While on the ground, Plaintiff's body was pinned by a knee while Plaintiff's jumpsuit was partially removed to expose Plaintiff's buttocks. See id. Simultaneously, a cold foreign object forcibly penetrated Plaintiff's rectum. See id. Defendant Gonzales then stated all incoming inmates face this treatment. See id. Plaintiff states that each named defendant told Plaintiff that if Plaintiff attempted to inform authorities of these events Plaintiff would face life-threatening consequences. See id. at 5.

## II.  DISCUSSION

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated a plausible Eighth Amendment excessive force claims against Defendants Gonzales, Reilly, Condon, and Lindquist.  For the reasons discussed below, however, Plaintiff has not stated a cognizable claim against Defendant Lynch, the prison warden.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff's claim against Defendant Lynch appears to rest entirely on a respondeat superior theory of liability. As discussed above, such a theory is not cognizable under § 1983. Plaintiff will be provided an opportunity to amend to allege what, if any, specific conduct on the part of Defendant Lynch caused or contributed to a constitutional violation. Pending filing of an amended complaint or a determination that the case will proceed on the original complaint, Plaintiff's motion for an order directing service of process will be denied.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for an order directing service of process, ECF No. 10, is DENIED.

2. Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: January 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE