IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE JONES, | No. 2:23-CV-1808-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| D. GONZALES, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel. See ECF No. 36.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff argues that appointment of counsel is warranted because: (1) he suffers from long-term mental health disabilities; (2) he has no legal training; and (3) he does not have access to a "law library kiosk computer" due to his placement in administrative segregation.  See ECF No. 36.  Plaintiff's lack of legal training is not an exceptional circumstance.  As to Plaintiff's mental health disabilities, Plaintiff has not attached any documentation to verify such disabilities, and the record reflects that Plaintiff has been able to articulate his claims adequately on his own.  Additionally, the Court finds that the excessive force claims involved in this case are neither legally nor factually complex.  Finally, Plaintiff has not established any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 36, is denied.

Dated:  August 15, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE