**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERMAINE JONES, | No.  2:23-CV-1808-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| D. GONZALES, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are the following: (1) Plaintiff's motions for discovery, ECF Nos. 37, 39, and 47; (2) Plaintiff's motions to modify the schedule, ECF Nos. 41 and 42; (3) Plaintiff's motion for a settlement conference, ECF No. 38; and (4) Plaintiff's motion for an extension of time, ECF No. 46.

Turning first to discovery, the Court issued a discovery and scheduling order which set a discovery cut-off date of August 20, 2025.  See ECF No. 33.  Pursuant to that order, discovery requests were to be served no later than 60 days prior to this cut-off date, and motions to compel discovery were to be served and filed by the cut-off date.  See id.  In the pending motions for discovery, Plaintiff seeks the following: (1) an order directing Defendants to provide surveillance system footage regarding the July 21, 2022, incident at issue in this case, ECF No. 37; and (2) and an order directing Defendants to provide copies of all inmate grievance filed

1

against any named defendant, ECF No. 39.  In his motion at ECF No. 47, Plaintiff renews his request for orders compelling these categories of discovery.

Plaintiff's motions seeking orders directing Defendants to provide discovery will be denied because there is no indication in Plaintiff's one-page motions that Plaintiff ever requested the discovery now sought by way of any timely formal discovery request served on Defendants consistent with the Federal Rules of Civil Procedure.

Turning next to modification of the schedule, ECF Nos. 41 and 42, Plaintiff seeks modification of the Court's discovery and scheduling order to allow additional time to conduct discovery.  According to Plaintiff, he was released from administrative segregation on August 19, 2025, and during his time in administrative segregation he did not have access to his legal materials such as would allow him to serve timely discovery requests.  See e.g. ECF No. 41, pg. 1.  Plaintiff does not state when he was placed in administrative segregation.  Defendants oppose Plaintiff's motions, arguing argue that Plaintiff's motions are late, and Plaintiff has not shown good cause to re-open discovery.  See ECF No. 43.

The Court agrees.  Plaintiff's motions regarding modification of the schedule were filed after the August 20, 2025, discovery cut-off date (ECF No. 41 filed on August 29, 2025; ECF No. 42 filed on September 3, 2025).  While the Court recognizes that Plaintiff was without access to legal materials during his time in administrative segregation, which he states concluded on August 19, 2025, and that such lack of access could have made preparing substantive discovery requests difficult, Plaintiff does not explain why he was unable to at a minimum file a timely motion for an extension of time to conduct discovery before the August 20, 2025, discovery cut-off date.

Next, Plaintiff seeks an order setting a settlement conference.  See ECF No. 38.  A review of the docket reflects that this matter was referred to post-screening alternative dispute resolution on October 24, 2024.  See ECF No. 29.  Both parties timely requested to opt-out.  See ECF Nos. 30 and 31.  On the parties' requests, the Court withdrew the reference to alternative dispute resolution and issued a schedule for the case.  See ECF Nos. 32 and 33.  Since that time, discovery closed on August 20, 2025, and Defendants have timely filed their dispositive motion.

See ECF No. 45 (Defendants' motion for summary judgment).  Defendants have not joined in Plaintiff's current request to set a settlement conference.  Given this history, Plaintiff's motion will be denied without prejudice to renewal as a joint request following resolution of Defendants' motion for summary judgment.

Finally, Plaintiff seeks additional time to file an opposition to Defendants' motion for summary judgment.  See ECF No. 46.  Plaintiff's motion will be granted and his opposition brief filed on February 6, 2026, will be deemed timely.  Defendants' motion for summary judgment will be addressed by separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED as follows:

1.     Plaintiff's motions relating to discovery, ECF Nos. 37, 39, and 47, are denied.

2.     Plaintiff's motion for modification of the schedule, ECF Nos. 41 and 42, are denied.

3.     Discovery remains closed.

4.     Plaintiff's motion for a settlement conference, ECF No. 38, is denied.

5.     Plaintiff's motion for an extension of time to file an opposition to Defendants' motion for summary judgment, ECF No. 46, is granted and Plaintiff's opposition, ECF No. 48, filed on February 6, 2026, is deemed timely.

6.     To appropriately address Defendants' pending motion for summary judgment, the Clerk of the Court is directed to randomly assign a District Judge to this case.

Dated:  March 12, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3